Matter of Putland v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 00837)





Matter of Putland v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 00837


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-09183
 (Index No. 1895/15)

[*1]In the Matter of David Putland, respondent, 
v
New York State Department of Corrections and Community Supervision, appellant.


Eric T. Schneiderman, Attorney General, New York, NY (Steven C. Wu and Philip V. Tisne of counsel), for appellant.
Cravath, Swaine & Moore LLP, New York, NY (Antony L. Ryan and Xiaoxi Tu of counsel), for respondent.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Orange County (Robert A. Onofry, J.), dated July 1, 2015. The judgment granted the petition, filed pursuant to CPLR article 78, to review a determination of the New York State Board of Parole denying, after an interview, the petitioner's application for parole, annulled the determination, and remitted the matter to the New York State Board of Parole for a de novo parole interview before a different panel.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner was convicted, as a juvenile offender, of murder in the second degree and sodomy in the first degree for crimes he committed in September 1979, when he was 15 years of age, against a victim who was 7 years of age (see People v Putland, 105 AD2d 199, 199-200). The petitioner was sentenced to indeterminate terms of imprisonment of 9 years to life on his conviction of murder in the second degree and 3&frac13; to 10 years on his conviction of sodomy in the first degree, the sentences to run concurrently.
In June 2014, the petitioner appeared before the New York State Board of Parole (hereinafter the Parole Board) on his application for parole release. He was approximately 50 years of age, and had been denied parole release on 13 prior occasions. Following an interview, the Parole Board denied the petitioner's application.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Parole Board's determination. In a judgment dated July 1, 2015, the Supreme Court granted the petition, annulled the determination, and remitted the matter to the Parole Board for a de novo interview before a different panel. This appeal ensued.
During the pendency of this appeal, the Appellate Division, Third Judicial Department decided Matter of Hawkins v New York State Dept. of Corr. & Community Supervision (140 AD3d 34). In Matter of Hawkins, the Third Department held that "[f]or those persons convicted of crimes committed as juveniles who, but for a favorable parole determination will be [*2]punished by life in prison, the [Parole] Board must consider youth and its attendant characteristics in relationship to the commission of the crime at issue" (id. at 39).
In its reply brief on this appeal, the appellant represents that the Parole Board "has elected to comply with Matter of Hawkins on a statewide basis." The appellant informs us that regulations requiring the Parole Board to consider, inter alia, the diminished culpability of youth, were proposed and are now in effect. Evidently, these regulations constitute a recognition, at least implicitly, of the holding in Matter of Hawkins, and of the United States Supreme Court cases Montgomery v Louisiana (136 S Ct 718) and Miller v Alabama (567 US 460), on which Matter of Hawkins is based. The appellant concedes that the petitioner should receive a de novo interview.
Under these circumstances, we deem it appropriate to affirm the judgment that annulled the Parole Board's determination and remitted the matter to the Parole Board for a de novo interview before a different panel. The petitioner is entitled to a meaningful opportunity for release in which the Parole Board considers, inter alia, his youth at the time of the commission of the crimes and its attendant circumstances (see Matter of Hawkins v New York State Dept. of Corr. & Community Supervision, 140 AD3d at 40). In view of the foregoing, we need not address the parties' remaining contentions.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court